UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ARTHUR LITTLEFIELD,<br><br>　　　　Petitioner,<br><br>　　v<br><br>WARDEN D K SISKO,<br><br>　　　　Respondent. | NO C-08-00433-VRW<br><br>ORDER DENYING PETITION FOR<br>WRIT OF HABEAS CORPUS |

Petitioner Arthur Littlefield, a California state prisoner proceeding pro se, seeks a writ of habeas corpus under 28 USC § 2254. For the reasons set forth below, a writ is DENIED.

I

Petitioner is serving a five-year sentence at the California State Prison, Solano, for the offense of transporting cocaine base for sale. The charges against him arose from his arrest in the course of a

traffic stop on July 7, 2005.  Officer Rios of the Clovis Police
Department stopped petitioner's vehicle because petitioner was not
wearing a seatbelt.  He observed a female passenger, later identified
as Janeese Perry, in the front passenger seat.  While speaking to
petitioner, Rios smelled a strong odor of marijuana.  Rios asked
petitioner to exit the vehicle and conducted a consensual search of his
person.  He found $758 in cash.  Rios then searched the car.
Petitioner consented to this search, but revoked his consent when Rios
approached the trunk.  Rios continued the search on the grounds that he
had probable cause. In the trunk, he found $5,757.25 in a diaper bag, a
plastic bag containing marijuana and $745 in cash, a zip lock bag
containing rock cocaine and $250, and 15-20 ecstasy pills.  Rios
arrested petitioner and Perry.  Pet's Ex A.

During an interview at the Clovis Police Department jail,
petitioner admitted that he was a "runner of drugs" and that he had a
past drug sales history.  Pet's Ex B-3.

While in custody, Perry gave the Clovis Police Department
permission to search her apartment, which she shared with petitioner.
In a bedroom that was the exclusive residence of petitioner and Perry,
the police found marijuana, a white powder substance later identified
as cocaine, a pay/owe sheet, as well as other items.  Pet's Ex B-2.

II

On October 27, 2005, petitioner pleaded no contest to one
count of transporting cocaine base for sale (Cal Health & Safety Code §
11352(a)) in Fresno County Superior Court case number F05905312-5.
Petitioner also admitted a Penal Code section 12022.1 allegation that
he committed this offense while he was out on bail.  Pursuant to the

plea bargain, the parties agreed that petitioner's sentence would not exceed 6 years.[1]  All remaining charges were dismissed.  In the plea negotiations, petitioner was represented by a deputy public defender, Mr. Aed.

On March 7, 2006, petitioner filed a motion to withdraw his plea and admission.  He was represented in this matter by Mr Asami.  On March 14, 2006, the state court heard argument and denied petitioner's motion.  Petitioner was sentenced to five years in prison.  On September 15, 2006, petitioner filed an appeal.  His appeal was dismissed because he failed to obtain a certificate of appealability.

On September 4, 2007, petitioner filed a petition for a writ of habeas corpus in Fresno County Superior Court.  The court denied this petition in a written decision on September 25, 2007.  A habeas petition filed in the California Court of Appeal was denied on November 8, 2007.  A subsequent habeas petition filed in the Supreme Court of California was denied on January 16, 2008.

On March 25, 2008, petitioner filed the instant federal petition.  As grounds for federal habeas relief, petitioner raises allegations of prosecutorial misconduct, violations of *Brady v Maryland*, 373 US 83 (1963), ineffective assistance of counsel and challenges the constitutionality of the search of his vehicle.  Respondent filed an answer on September 16, 2008.

\\

\\

---

[1] Petitioner was also sentenced to a concurrent two-year term for the possession of marijuana for sale in case number F03901692-4.  The current habeas petition does not challenge the legality of this alternative conviction.

III

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 USC § 2254(a); *Rose v Hodges*, 423 US 19, 21 (1975).

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 USC § 2254(d); *Williams v Taylor*, 529 US 362, 412-13 (2000). If the state court did not reach the merits of a claim, federal review of the claim is de novo. *Nulph v Cook*, 333 F3d 1052, 1057 (9th Cir 2003).

A federal court must presume the correctness of the state court's factual findings. 28 USC § 2254(e)(1). Habeas relief is warranted only if the constitutional error at issue had a "'substantial and injurious effect or influence in determining the jury's verdict.'" *Penry v Johnson*, 532 US 782, 796 (2001).

The state court decision implicated by 2254(d) is the "last reasoned decision" of the state court. *See Ylst v Nunnemaker*, 501 US 797, 803-04 (1991); *Barker v Fleming*, 423 F3d 1085, 1091-92 (9th Cir 2005). When there is no reasoned opinion from the highest state court to have considered the petitioner's claims, the district court looks to

the last reasoned state court opinion, which, in this case, is the Fresno County superior court's opinion denying the state petition for a writ of habeas corpus. *See Nunnemaker*, 501 US at 801-06; *Shackleford v Hubbard*, 234 F3d 1072, 1079 n2 (9th Cir 2000).

## IV

### A

In his first claim, petitioner alleges that the prosecution's mention of 4.984 grams of cocaine at the March 14, 2006, hearing constituted misconduct because it amounted to a presentation of false evidence. He asserts that the prosecutor informed the court that the additional cocaine, which was omitted from the probation report, was found in petitioner's car, whereas it was, in fact, found in Perry's apartment. Pet's Ex B-2 at 4. Petitioner claims that as a result, his guilty plea to the transportation of cocaine base was not supported by fact.

The relevant inquiry in a claim of prosecutorial misconduct is whether the prosecutor's comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v Wainwright*, 477 US 168, 181 (1986). Here, the record shows that no egregious misconduct occurred. Contrary to petitioner's assertions, the prosecutor did not represent to the court that 4.984 grams of cocaine were found in petitioner's car. Pet' Ex D at 219-20. Rather, the prosecutor merely referred to a "quantitative analysis," which included test results for 4.984 grams of cocaine, without mentioning where the cocaine was found. *Id*. The prosecutor's comments did not constitute misconduct.

\\

Furthermore, petitioner's plea was supported by evidence. Officer Rios' report shows that rock cocaine, as well as other narcotics, were found in petitioner's car. Pet's Ex A. The state court reasonably rejected this claim.

B

Petitioner alleges that his counsel rendered ineffective assistance by advising him to enter his plea bargain before having determined that the 4.984 grams of cocaine mentioned in the controlled substances analysis report were found in the apartment he shared with Perry rather than in his car, and by failing to file a motion to suppress the evidence found in the trunk of his car and in the apartment.

Under California law, the legal effect of a plea of nolo contendere to a crime punishable as a felony is the same as that of a guilty plea. Cal Pen Code § 1016. A defendant who pleads guilty cannot later raise in habeas corpus proceedings independent claims relating to the deprivation of constitutional rights that occurred before the plea of guilty. *See Tollett v Henderson*, 411 US 258, 266-67 (1973) (guilty plea forecloses consideration of pre-plea constitutional deprivations). Nor may a defendant who pleads guilty collaterally challenge a voluntary and intelligent guilty plea entered into with the advice of competent counsel. *United States v Broce*, 488 US 563, 574 (1989); *Mabry v Johnson*, 467 US 504, 508 (1984).

The only challenges left open in federal habeas corpus after a guilty plea concern the voluntary and intelligent character of the plea and the nature of the advice of counsel to plead. *Hill v Lockhart*, 474 US 52, 56-57 (1985); *Tollett*, 411 US at 267. Where, as

6

here, the petitioner is challenging his plea, the appropriate question is whether "(1) his 'counsel's representation fell below an objective standard of reasonableness,' and (2) 'there is a reasonable probability that, but for [his] counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Womack v Del Papa*, 497 F3d 998, 1002 (9th Cir 2007) (quoting *Hill*, 474 US at 57-59). As discussed below, petitioner's claims are foreclosed by the aforementioned authority.

Counsel's advice to enter the plea bargain did not constitute ineffective assistance. Petitioner does not allege that had counsel informed him that the additional cocaine was found in the apartment he shared with Perry, he would have pleaded not guilty and would have insisted on going to trial. Indeed, evidence of the additional cocaine would not have likely changed the outcome of a trial. It provided *more* evidence of petitioner's guilt, and the fact that it was found in the apartment he shared with Perry, rather than in his car, is of little consequence. Moreover, petitioner's own documents establish that he was in the business of selling drugs. The state court reasonably rejected this claim.

Petitioner's allegation that counsel was ineffective for failing to file a motion to suppress is also unavailing. Claims of alleged ineffectiveness as to pre-plea matters are barred under *Tollett*, 411 US at 267. Petitioner waived this claim by virtue of his no-contest plea.

Even if petitioner's claim were cognizable, it is without merit. To prevail on a claim of ineffectiveness based on counsel's failure to file a motion to suppress evidence, a defendant must show a reasonable probability that such a motion would have succeeded, and a

reasonable probability that the suppression of evidence would have led to a different outcome at trial. *Kimmelman v Morrison*, 477 US 365, 375 (1986). Here, there were no grounds for a successful suppression motion. According to petitioner's documents, the police had probable cause or permission to search at every stage of their investigation. When Officer Rios stopped petitioner because he was driving without a seatbelt, he smelled a strong odor of marijuana emanating from the car. Petitioner consented to a search of his person and his car. Officer Rios found a large roll of cash in petitioner's pocket. The marijuana odor emanated most strongly from the trunk. When Officer Rios approached the trunk, petitioner revoked his consent to the search. By that point however, Officer Rios had probable cause to search the trunk based on the strong odor of marijuana. In the trunk, he found $5,757.25 in cash, chunks of marijuana, rock cocaine and 15-20 ecstasy pills. Pet's Ex A. In light of these facts, petitioner had no basis to contest the traffic stop or the search of his car.

Petitioner also did not have grounds to contest the search of the apartment he shared with Perry. His documents establish that the police obtained Perry's written permission to search the apartment prior to executing the search. Pet's Ex B-3. The state court's denial of this claim was reasonable.

C

Petitioner alleges that the prosecution failed to disclose exculpatory evidence in violation of *Brady*, 373 US at 87, when it withheld a controlled substances analysis report and the police reports of Detectives Grotto and Kerr from the defense. He asserts that at the time of his plea negotiations, he was only provided with the report of

8

Officer Rios.

To the extent that petitioner's claim raises an alleged pre-plea constitutional violation, it is foreclosed under *Tollett*, 411 US at 267. Even if petitioner's claim were cognizable, it is without merit.

In *Brady*, the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Id*. Evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *United States v Bagley*, 473 US 667, 682 (1985).

Here, petitioner fails to demonstrate that the allegedly withheld evidence was favorable to petitioner. The controlled substances analysis report, as well as the police reports of Detectives Grotto and Kerr documenting the drugs seized from the petitioner's car and the apartment he shared with Kerry, provide additional inculpatory, rather than exculpatory, evidence beyond that contained in Officer Rios' report. Pet's Exs B-1, B-2, B-3. The fact that additional drugs were found in petitioner's apartment, rather than in his car, is of little moment. Petitioner fails to establish that any exculpatory evidence was withheld.

Petitioner also fails to demonstrate that the result of the proceedings would have been different had the allegedly withheld evidence been disclosed to the defense. His own proffered documents, as well as his statements to the police, establish that he was in the

business of selling drugs. Following his traffic stop on July 7, 2005, the police found $758 in his pocket. A search of the trunk uncovered more cash, large chunks of marijuana, rock cocaine and 15-20 ecstasy pills. Pet's Ex A. A search of the apartment he shared with Perry yielded more marijuana, cocaine and a pay/owe sheet. Pet's Ex B-2. During an interview with the police, petitioner admitted that he was in the business of selling drugs. Pet's Ex B-3. Based on this record, petitioner's *Brady* claim lacks merit. The state court reasonably rejected this claim.

D

Petitioner alleges that the search of the trunk of his car violated the Fourth Amendment's protection against unlawful searches and seizures.

To the extent that petitioner's claim raises an alleged pre-plea constitutional violation, it is foreclosed under *Tollett*, 411 US at 267. Petitioner's claim is also barred under *Stone v Powell*, 428 US 465, 494-95 (1976), in which the Supreme Court held that a Fourth Amendment claim is not cognizable in federal habeas proceedings if a petitioner had a full and fair opportunity to litigate the claim in state court. Petitioner does not demonstrate that he was denied such an opportunity.

Even if petitioner's claim were cognizable, it lacks merit. As discussed above, the police had probable cause or permission to search at every stage of their investigation. Petitioner fails to establish a Fourth Amendment violation. The state court's rejection of this claim was reasonable.

\\

# V

For the reasons set forth above, the petition for a writ of habeas corpus is DENIED.

The clerk shall enter judgment in favor of respondent and close the file.

IT IS SO ORDERED.

_____
Vaughn R Walker
United States District Chief Judge